Joseph Little v. Erik Tall          CV-01-276-B    03/25/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Joseph T. Little

   v.                                Civil No. 01-51-BS (ME)
                                      Civil No. 01-276-B (NH)
                                      Opinion No. 2002 DNH 065

Erik Tall et al.


MEMORANDUM AND ORDER

This civil rights action arises out of plaintiff Joe T. Little's claims of mistreatment by law enforcement officers, jail officers, and jail medical personnel in connection with his July 5, 2000 arrest and incarceration. This memorandum and order responds to a number of pending pretrial motions.

1. Motions to Amend the Complaint and for Leave to Amend Complaint filed by Plaintiff

Plaintiff has filed a motion to amend his complaint [document no. 20] and two motions seeking leave to amend his complaint [document nos. 24 and 25]. In his motion to amend his complaint, plaintiff seeks to specify previously unnamed defendants and to add two factual allegations; in his two motions for leave to amend his complaint, plaintiff seeks to list defendant Allied Resources for Correctional Health, Inc. ("ARCH")

as a defendant to Count IV and to add an allegation that the conduct of ARCH's employees (which is complained of in Count IV) was the result of negligent training and supervision on the part of ARCH. ARCH objects to all three motions.

I deny the two motions for leave to amend the complaint. First, plaintiff filed these two motions for leave to amend well after the November 30, 2001 deadline for joinder of additional parties/amendments to the pleadings established in the amended pretrial order [document no. 18]. Yet the motions make no effort to provide an explanation for their untimeliness. Second, plaintiff does not dispute ARCH's assertion that, months prior to the November 30, 2001 deadline, he was in possession of the transcripts of telephone calls on which he now bases his request to add a negligent training and supervision claim. Third, and most importantly, the transcripts contain little (if any) probative evidence that ARCH violated plaintiff's constitutional rights by inadequately training and/or supervising Alfred B. Cichon and Debra McCann. Consequently, plaintiff has provided me with no basis for concluding that justice requires that he be permitted to amend his complaint beyond the date set by the

amended pretrial order.[1]

On the other hand, I grant plaintiff's motion to amend the complaint [document no. 20]. ARCH is the only party to object to this motion. But its objection is based upon the presupposition that it is named as a defendant to Count IV of plaintiff's complaint. As I explain below, ARCH's presupposition is mistaken; Count IV does not name ARCH as a party in either form or substance. I thus have no grounds for denying the motion. Plaintiff should file his amended complaint on or before Friday, April 12, 2002.

## 2. Motions to Dismiss Filed by Defendant ARCH

ARCH has filed three motions to dismiss. Two of the motions [document nos. 10 and 23] seek dismissal of Count IV of the complaint insofar as it pertains to ARCH; a third [document no.

---

[1]My denial of plaintiff's motions for leave to amend is without prejudice to plaintiff filing another such motion should he uncover a basis for adding ARCH as a defendant to one or more of his federal claims. But if plaintiff brings such a motion, he should (1) attach the proposed amended filing to the motion to amend, (2) identify in the motion or a supporting memorandum any new factual allegations and legal claims in the proposed amended pleading, and (3) explain why the new allegations and claims were not included in the original filing and why the amendment should be allowed notwithstanding its untimeliness under the amended pretrial order. Cf. Local Rule 15.1, United States District Court for the District of New Hampshire.

6] seeks dismissal of both Count VI's negligence claim (insofar as it pertains to ARCH) and a cross-claim for indemnification based on an indemnification provision in a contract for medical services between ARCH and Penobscot County and brought against ARCH by Penobscot County and certain of its employees.

Subsumed within ARCH's second motion to dismiss Count IV is an argument that Count IV does not, in fact, state a claim under 42 U.S.C. § 1983 against ARCH; it only states a claim against certain ARCH employees. I agree. Count IV neither purports to state a § 1983 claim against ARCH nor does so in effect. There is no reason for me to dismiss a claim that has not been brought. Accordingly, I deny ARCH's two motions to dismiss Count IV.

ARCH's motion to dismiss both the negligence claim in Count VI (insofar as it pertains to ARCH) and the cross-claim for indemnification is premised on an argument that these claims have not been presented to a pre-litigation screening panel, as is required by the Maine Health Security Act ("MHSA").[2] Plaintiff

_____

[2]The MHSA governs "action[s] for damages against [a] health care provider . . . based on tort or breach of contract . . . arising out of the provision or failure to provide health care services." Me. Rev. Stat. Ann. tit. 24, § 2502(6). As explained by Judge Brody, the Act requires that such actions be

does not dispute that the MHSA applies and that he did not comply with its mandatory pre-litigation screening panel requirements; in fact, he has not filed an objection to ARCH's motion. Penobscot County and its employees object on the ground that the MHSA does not apply to its cross-claim.

In a soundly reasoned opinion, Judge Brody recently concluded that a plaintiff must satisfy the MHSA's mandatory pre-litigation screening panel requirements before pressing a supplemental negligence claim against a health care provider in an action based on federal question jurisdiction. See Hewett v. Inland Hospital, 39 F. Supp. 2d 84, 86-88 (D. Me. 1999). Because the plaintiff in Hewett had not yet complied with those requirements, Judge Brody declined to exercise jurisdiction over the supplemental negligence claim so as to avoid a delay in

---

> commenced by filing a written notice of claim with the court and serving it on the person accused of professional negligence. See Me. Rev. Stat. Ann. tit. 24, § 2853(1) . . . . Unless waived by the defendant, the Act requires that a plaintiff's claim be evaluated by a screening panel before it is allowed to proceed to litigation. See id. at §[§] 2851-59; see also Chorosczy v. Tso, 647 A.2d 803, 805 n.1 (Me. 1994) (explaining the statutory scheme).

Ferris v. County of Kennebec, 44 F. Supp. 2d 62, 66 (D. Me. 1999).

resolving her federal claim. See id. at 87-88; see also Ferris, 44 F. Supp. 2d at 66 (declining, on similar grounds, to exercise jurisdiction over a supplemental negligence claim not yet presented to a pre-litigation screening panel).

I agree that plaintiff is required to comply with the procedural requirements of the MHSA, and that he has not yet done so. Following Judge Brody's lead, I decline to exercise supplemental jurisdiction over plaintiff's negligence claim against ARCH so as to avoid delay in resolving plaintiff's remaining claims. See 28 U.S.C. § 1367(c)(4).[3] Also, because the balance of Count VI – plaintiff's negligence claims against Penobscot County and its employees – is inextricably intertwined with the negligence claim against ARCH and should be pressed in the same proceeding, I decline to exercise supplemental jurisdiction over the entirety of Count VI. See id. Finally,

_____

[3]My decision not to exercise supplemental jurisdiction over plaintiff's negligence claim against ARCH means that ARCH is no longer a party to this action and does not face potential liability in this action. Consequently, I decline to exercise supplemental jurisdiction over ARCH's cross-claim for contribution and/or indemnity against Penobscot County and certain of its employees. ARCH's cross-claim should be pressed in the same proceeding as Penobscot County's cross-claim and the underlying negligence claims to which these cross-claims pertain. See infra.

because the cross-claim of Penobscot County and its employees seeks indemnification for liabilities incurred by cross-claimants as a result of ARCH's conduct, it can pertain only to plaintiff's negligence claim, and not to his constitutional claim, against the County and its employees. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (emphasizing that a state actor is only liable under 42 U.S.C. § 1983 for its own unconstitutional conduct and that "[r]espondeat superior or vicarious liability will not attach under § 1983") (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95 (1978)). I therefore decline to exercise supplemental jurisdiction over this cross-claim, which should be pressed in the same proceeding as the negligence claim. See supra note 3.

In sum, I deny plaintiff's motions for leave to file an amended complaint [document nos. 24 and 25], but grant plaintiff's motion to amend his complaint [document no. 20]. Plaintiff should file his amended complaint on or before Friday, April 12, 2002. I also deny ARCH's two motions to dismiss Count IV of the complaint [document nos. 10 and 23] because Count IV neither purports to state a claim against ARCH nor does so in effect. Finally, I deny ARCH's motion to dismiss plaintiff's

negligence claim and the cross-claim of Penobscot County and certain of its employees [document no. 6] insofar as the motion seeks a dismissal of these claims with prejudice. But for the reasons set forth above, I decline to exercise supplemental jurisdiction over these claims, the balance of Count VI of the complaint, and ARCH's cross-claim against Penobscot County and certain of its employees.

SO ORDERED.


_____
Paul Barbadoro, Chief Judge
United States District Court, DNH
Sitting by designation


March 25, 2002

cc:  Gisele M. Nadeau, Esq.
     John P. Lucy, Esq.
     Michael E. Saucier, Esq.
     Michael J. Schmidt, Esq.
     Diane Sleek, Esq.
     Steven J. Mogul, Esq.